64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley MAYLE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Melvin MAYLE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emery Dean MAYLE, Defendant-Appellant.
 Nos. 93-5793, 93-5794, 94-5591.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1995.
Decided Aug. 14, 1995.
 
 ARGUED: Lee F. Benford, II, Ravenswood, WV, for Appellant John Mayle; Richard Doulgas Welch, McConnelsville, Ohio, for Appellant Emery Mayle; Jane Charnock, CHARNOCK & CHARNOCK, Charleston, WV, for Appellant Shirley Mayle. Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, WV, for Appellee. ON BRIEF: Rebecca A. Betts, United States Attorney, Charleston, WV, for Appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated cases, Shirley Mayle, John Mayle and Emery Mayle appeal the district court's orders denying their motions to dismiss their drug offense indictments. They argue that the Double Jeopardy Clause of the Fifth Amendment bars the indictments.
 
 
 2
 Emery Mayle also appeals the district court's denial of his motion to continue the evidentiary hearing on his motion to dismiss. Finding no error, we affirm the district court's rulings.
 
 I.
 
 3
 The Mayles are part of an extended family that lives in Ohio. Shirley and John Mayle are divorced. Emery Mayle is John's cousin. Because Shirley and John Mayle's appeals are identical, we begin by discussing the facts of their cases.
 
 A.
 
 4
 During the 1980's, an intergovernmental narcotics task force began investigating the Mayles, acting on the suspicion that the family was operating a drug ring. According to the United States, the ring was supplying Parkersburg, West Virginia, with marijuana and cocaine.
 
 
 5
 In 1991, law enforcement officials executed search warrants on two properties in Washington County, Ohio. The Mayles' son Terry owned one property, described as Rural Route 1, Box 198; however, Shirley Mayle held the mortgage. John Mayle owned the other, described as Rural Route 1, Box 137-B. During the searches, officers discovered stolen items, marijuana and marijuana cultivation equipment.
 
 
 6
 On July 8, 1991, the United States brought civil forfeiture proceedings against both properties in United States District Court for the Southern District of Ohio, pursuant to 21 U.S.C. Sec. 881(a)(7). The government claimed that the Mayles used the properties to facilitate marijuana trafficking, and that the properties were the proceeds of marijuana trafficking.
 
 
 7
 Separate forfeiture trials took place in September of 1992. The juries found that the Mayles were not involved in selling or manufacturing marijuana, but had consented to marijuana production and distribution at the properties. The court entered forfeiture judgments and the Mayles appealed.
 
 
 8
 On December 17, 1992, a Southern District of West Virginia grand jury returned an indictment against Shirley and John Mayle and other family members. The indictment charged them with conspiracy to distribute and to possess with intent to distribute marijuana, conspiracy to manufacture marijuana, and conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The indictment also charged John Mayle with operating a continuing criminal enterprise.
 
 
 9
 The Mayles filed two motions to dismiss. In the first motion, they claimed collateral estoppel prevented the government from relitigating whether they were involved in drug activities at the forfeited properties. In the second motion, they claimed the indictment constituted double jeopardy. The district court denied the motions and the Mayles appealed.
 
 
 10
 Subsequently, the United States Court of Appeals for the Sixth Circuit reversed and remanded the civil forfeiture decisions. The Sixth Circuit held that the district court erred by not allowing the Mayles to rebut the government's proof of probable cause for forfeiture. See United States v. Real Property Known and Numbered as Rural Route 1, Box 198, Cutler, Ohio, No. 93-3168, 1994 WL 198185 (6th Cir. May 19, 1994); United States v. Real Property Known and Numbered as Rural Route 1, Box 137-B, Cutler, Ohio, 24 F.3d 845 (6th Cir.1994).
 
 
 11
 On June 1, 1994, a Southern District of West Virginia grand jury returned a superseding indictment against the Mayles. In addition to the original drug charges, the indictment sought criminal forfeiture of the Box 198 and Box 137-B properties pursuant to 21 U.S.C. Sec. 853. Subsequently, the Ohio district court dismissed the civil forfeiture cases without prejudice by agreement of the parties.
 
 B.
 
 12
 On March 30, 1990, undercover officers in Ohio observed an informant purchasing cocaine from Emery Mayle. The officers arrested Mayle and he later pled guilty to state drug charges.
 
 
 13
 The United States charged Mayle in the Southern District of West Virginia indictment with conspiracy to distribute and to possess with intent to distribute marijuana, conspiracy to manufacture marijuana, and conspiracy to distribute and to possess with intent to distribute cocaine. On July 5, 1994, he moved to dismiss the charges claiming that the Double Jeopardy Clause barred the indictment. Mayle also requested an evidentiary hearing.
 
 
 14
 A hearing on the motion to dismiss was scheduled for July 25, 1994. On July 21, 1994, Mayle's attorney filed a motion for a continuance because his Army reserve unit ordered him to training for a period which would include the hearing date. On July 25, 1994, the district court denied the motion for a continuance and the motion to dismiss. Mayle's appeal followed.
 
 II.
 
 15
 The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. The clause encompasses three separate protections: protection against a second prosecution for the same offense following acquittal; protection against a second prosecution for the same offense following conviction; and, protection against multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969). A district court's decision that the Double Jeopardy Clause does not apply to a particular case is a legal determination and we review such determinations de novo. United States v. McHan, 966 F.2d 134, 138 (4th Cir.1992).
 
 A.
 
 16
 Shirley and John Mayle raise two arguments on appeal. First, they argue that the criminal indictment will use the same evidence introduced against them in the civil forfeiture proceedings. They assert that "[s]uch dual prosecution and punishment is contrary to the mandate of the Double Jeopardy Clause." Second, they claim that the United States is collaterally estopped from relitigating the issues previously decided in the civil forfeiture proceeding. We disagree with both arguments.
 
 
 17
 The Mayles equate the Southern District of Ohio forfeiture judgments with convictions. However, the Sixth Circuit reversed the judg ments on appeal. As the United States Supreme Court stated in Justices of Boston Municipal Court v. Lydon, 466 U.S. 294 (1984), "The Double Jeopardy Clause is not an absolute bar to successive trials. The general rule is that the Clause does not bar reprosecution of a defendant whose conviction is overturned on appeal." Id. at 308 (citing Ball v. United States, 163 U.S. 662, 671-72 (1896)). Therefore, we find that the Double Jeopardy Clause does not preclude the indictment against the Mayles.
 
 
 18
 We also find that the doctrine of collateral estoppel does not afford the Mayles the protections of the Double Jeopardy Clause. At best, the Mayles make proof-limiting arguments which do not invoke a constitutional right. See United States v. Head, 697 F.2d 1200, 1205 (4th Cir.1982). As we stated in Head, "double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but not make conviction impossible." Id.
 
 B.
 
 19
 Emery Mayle's double jeopardy argument derives from his Ohio state court conviction for drug trafficking. He claims that the federal indictment will use the same evidence used in the state case. Therefore, Mayle argues, he will have been twice placed in jeopardy for the same offense. We disagree.
 
 
 20
 It is settled law that a subsequent prosecution by a different sovereign does not constitute double jeopardy. The Supreme Court explained this "dual sovereignty" doctrine in Heath v. Alabama, 474 U.S. 82 (1985):
 
 
 21
 When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences." [sic] ... Consequently, when the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable."
 
 
 22
 Id. at 88 (citations omitted). Mayle claims that the doctrine does not apply to his case because federal authorities were instrumental in orchestrating the state court action against him. We are not persuaded by this argument.
 
 
 23
 There is an exception to the dual sovereignty doctrine where a previous state prosecution "was merely a tool of ... federal authorities." See Bartkus v. Illinois, 359 U.S. 121, 123 (1959). However, we have held that the "exception may only be established by proof that State officials had little or no independent volition in their proceedings." In Re Kunstler, 914 F.2d 505, 517 (4th Cir.1990). Mayle has not met this burden. Furthermore, we find no evidence in the record to suggest the state case was a pretense for a federal prosecution.
 
 
 24
 Mayle makes a related argument that the Justice Department's Petite policy bars indictment. This argument is meritless. The Petite policy essentially provides "that no federal case should be tried when there has already been a state prosecution for substantially the same act or acts," unless the appropriate Justice Department officials approve the federal indictment. United States v. Howard, 590 F.2d 564, 567 n. 2 (4th Cir.1979).
 
 
 25
 In Howard, the Court found that the federal indictment charged a "large scale conspiracy over an extended period of time ... totally different in nature and degree from the charge for which Howard was tried in [a state court], and that the federal charges included different acts." Id. at 567. Therefore, it held that the policy was inapplicable to the case.
 
 
 26
 Howard is directly on point in the instant case. Mayle was convicted in Ohio for knowingly selling or offering to sell cocaine on a specific date. The federal indictment charges him with conspiracy to possess, manufacture, and distribute marijuana, and conspiracy to possess and distribute cocaine. The government alleges that these acts occurred from 1980 to 1992. Considering the difference between the state and federal charges in nature and degree, we find the Petite policy does not apply to this case.
 
 
 27
 Finally, Mayle argues that the district court erred by denying his request for a continuance of the hearing on his motion to dismiss. He claims that his case was prejudiced because he could have subpoenaed witnesses and documents in support of his motion.
 
 
 28
 We have held that "[a] district court's decision to deny a continuance may be disturbed on appeal only for abuse of the broad discretion entrusted to it in such matters." United States v. Moore, 27 F.3d 969, 973 (4th Cir.1994). Although we are conscious of the importance of military reserve service, we note that the attorney's reporting orders were dated June 17, 1994, more than a month before he filed his motion for a continuance. In addition, the attorney was assisted in the case by local counsel who presumably could have attended the hearing. Because of these facts, we find that the district court did not abuse its discretion in denying the motion for a continuance.
 
 III.
 
 29
 For the foregoing reasons, the rulings of the district court are affirmed.
 
 AFFIRMED